JESSE BUCKNAM & als. versus ARTHUR P. GREENLEAF.

The verdict *affirmed by the jury* is the verdict in the case.

When a verdict in favor of one party has been affirmed by the jury, the presiding Judge has no power to enter a verdict for the opposite party, though it appears by the affidavits of the jurors, and the written verdict by them handed to the clerk, that they intended to find for such party.

If the verdict affirmed, was not the verrict found by the jury, it may be set aside *on motion.*

ON EXCEPTIONS to the ruling of GOODENOW, J.

REPLEVIN. The plea was *non cepit* with a brief statement. The jury came into Court with a written verdict signed by their foreman. It was read by the clerk,—"the jury find that the defendant *did take* the goods," &c. The verdict was so affirmed and ordered to be recorded; and the jury were discharged.

Afterwards, upon suggestion that the written verdict was incorrectly read by the clerk, and it appearing, by the written verdict and the affidavits of the jurors, that they intended to return a verdict for the defendant, and the clerk not having actually recorded the verdict which had been affirmed, the presiding Judge ordered the verdict for the defendant to be recorded, and judgment to be rendered thereon.

To this order the plaintiffs excepted.

*S. Boothby,* for plaintiffs.

When a verdict has been pronounced in open Court, and before it has been affirmed, mistakes merely formal may be corrected by the Court, or by the foreman; errors of substance can be corrected only by directing the jury to reconsider the case, and bring in a new verdict. *Snell* v. *Bangor Navigation Co.,* 30 Maine, 337; *Root* v. *Sherwood,* 6 Johns., 68; *Blackley* v. *Sheldon,* 7 Johns., 32; Howe's Practice, 257.

If the verdict has been affirmed by the jury, and constructively recorded, the power of the jury in relation has been fully exhausted, and any reconsideration or change in it, though by the order of the Court, is invalid. *Snell* v. *Bangor Nav-*

*igation Co.*, 30 Maine, 337; 16 Serg. & Rawle, 414; *Goodwin* v. *Appleton*, 22 Maine, 453; *Little* v. *Larrabee*, 2 Maine, 37.

The verdict is constructively recorded when it is affirmed by the jury and before they are discharged. Howe's Practice, 258; 3 Black. Com., 378; *Snell* v. *Bangor Navigation Co.*, above cited.

"The only effectual and legal verdict is the public verdict, in which the jury openly declare to the Court that they have found the issue for the plaintiff or the defendant." 3 Black. Com., 377.

*W. W. Virgin,* for defendant.

The written verdict was the verdict of the jury. It was that they agreed upon and returned into Court with. The error was the error of the clerk. The Court has the power to correct the error of its recording officer.

The cases of *Little* v. *Larrabee* and *Snell* v. *Bangor Navigation Co.*, cited for plaintiffs, decide that, after a verdict is affirmed, the jury cannot correct a mistake which *they* have made. They do not approximate the case at bar.

In this case, the written verdict was the one affirmed. It was passed to the clerk by the jury, and he read that, as they supposed, and they affirmed *what they handed to him, and not what he read.*

*Drummond,* for plaintiffs, in reply.

The written verdict is no part of the record. "The only real verdict is the one openly pronounced and affirmed in Court." The jury may *write* a verdict, but may change it at any time before *affirmation.* After it is *affirmed,* their power over it ceases. *Snell* v. *Bangor Navigation Co.*, 30 Maine, 341.

The verdict is constructively recorded before it is affirmed. The jury affirm the recorded verdict. That record cannot afterwards be changed by them or the Court.

By THE COURT.

The verdict, as found by the jury, *has never been affirmed.*

Bucknam *v.* Greenleaf.

The affirmation was of the erroneous verdict. According to the authorities, *the exceptions must be sustained.* The defendant, on his motion, is entitled to have the verdict set aside. *Snell* v. *Bangor Navigation Co.*, 30. Maine, 337; *Withee* v. *Rowe*, 45 Maine, 571.

TENNEY, C. J., APPLETON, CUTTING, MAY and DAVIS, JJ., concurred.

GOODENOW, J., dissenting.

I do not concur in the opinion, that the verdict, as found by the jury, *has never been affirmed.* They *did affirm* the verdict which was signed by the foreman and handed in by them to the clerk. It was that verdict the clerk undertook to read to them. What was written was more certain than any parol testimony, as to the accuracy of the reading of the clerk, and should control. It must be regarded as the *record* until it is extended by the clerk. It is the basis of his record, as much so as his minutes are upon his docket.

I consider the affidavits of the jurors immaterial. The Court had abundant evidence without them to authorize the judgment on the verdict.

There was no " erroneous verdict" in the case.

I should much lament the weakness of the Court, or the refinements of the law, if, when a verdict has been found and written, and signed and returned into Court, and received and filed as a part of its records, if the party, in whose favor it was, cannot have the benefit of it. Surely, one unlearned in the law might well exclaim, " much learning hath made thee mad."

All the cases cited in the argument are unlike the case at bar.

No attempt has been made to alter the verdict actually found and rendered; but only to give effect to it.

It should be remarked, that the *form* of the verdict would not indicate to any one, *not a lawyer*, whether it was for the plaintiffs or the defendant.